Jordan HASTINGS, Plaintiff—
Appellant,

v.

TAHOE REGIONAL PLANNING
AGENCY, Defendant—
Appellee.

No. 08–16036.

United States Court of Appeals,
Ninth Circuit.

Submitted June 3, 2009.*

Filed June 5, 2009.

Jeffrey A. Dickerson, Law Office of Jeffrey A. Dickerson, Reno, NV, for Plaintiff–Appellant.

Lori M. Story, Robert W. Story, Esquire, Story Law Group, Reno, NV, for Defendant–Appellee.

Before: RAWLINSON and BYBEE, Circuit Judges, and BURNS,** District Judge.

## MEMORANDUM ***

The parties are familiar with the facts of this case and we do not repeat them here. Jordan Hastings appeals the district court's grant of summary judgment in favor of Tahoe Regional Planning Agency ("TRPA") on his claims of retaliation in

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Larry Burns, United States District Judge for the Southern District of California, sitting by designation, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

violation of the First Amendment and tortious discharge, arguing that temporal proximity between his allegedly protected speech and his termination gives rise to an inference of causation.

Our cases indicate that we should not consider the length of time between a protected activity and an adverse employment action "without regard to its factual setting." *Coszalter v. City of Salem,* 320 F.3d 968, 978 (9th Cir.2003). Thus, "there is no set time within which acts necessarily support an inference of retaliation." *Id.* Hastings has not offered any evidence other than timing to rebut what otherwise appears to be a termination resulting from his poor job performance and inter-personal skills. Indeed, Hastings has not even asserted that he believes that TRPA retaliated against him for his allegedly protected speech. Moreover, he points to no evidence that his informing his superiors of the licensing problems was unwelcome; TRPA has provided uncontroverted evidence that it was aware of problems in this area and wanted to fix them.

Under these circumstances, we refuse to make "a complaint tantamount to a 'get out of jail free' card" based solely on the timing of Hastings' informing his superiors of the software licensing issues. *Brooks v. City of San Mateo,* 229 F.3d 917, 928 (9th Cir.2000).

Hastings' tortious discharge suffers from the same infirmity; he cannot demonstrate any causal connection between his raising the software issues and his termination.

**AFFIRMED.**